# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DONALD R. SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-082 JVB |
| | ) | |
| WAL-MART SUPER CENTER, | ) | |
| KRYSTAL DENNEY, and | ) | |
| GARY ELDERS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Donald R. Shepherd, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Shepherd is suing the Wal-Mart Super Center in Warsaw, Indiana, and two store employees, store manager Gary Elders and loss prevention officer Krystal Denney, based on an incident in which he was accused of stealing items from the store. (DE 1 at 2.) He purports to bring claims for violation of his "United States Constitution rights," as well as claims for "slander," "false imprisonment," and "negligent hiring." (*Id.* at 1, 5.)

A private store and its employees are not state actors and thus cannot be sued for federal constitutional violations. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005) (department store was not a state actor and could not be sued under 42 U.S.C. § 1983 based on an incident in which store employees accused plaintiff of theft resulting in his arrest). To the extent Shepherd is also attempting to raise state law claims against the defendants, the Court declines to exercise supplemental jurisdiction over these claims since there are no viable federal claims contained in the complaint. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

For these reasons, the federal claims contained in the complaint (DE 1) are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A, and the state law claims are **DISMISSED** without prejudice. Because the case has been dismissed, Shepherd's motion for the appointment of counsel (DE 3) is **DENIED** as moot.

**SO ORDERED** on March 15, 2010.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division