# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DONALD R. SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:10-CV-82 JVB |
| | ) | |
| WAL-MART SUPER CENTER, | ) | |
| KRYSTAL DENNEY, and | ) | |
| GARY ELDERS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Donald R. Shepherd, a *pro se* prisoner, filed a letter which the Court construes as a request that the Court waive the filing fees for this dismissed case (DE 7). Pursuant to 28 U.S.C. § 1915(b)(1), "a prisoner [who] brings a civil action . . . shall be required to pay the full amount of a filing fee." Shepherd is a prisoner, and because he filed this lawsuit, he must pay the entirety of the filing fee. The statute permits the filing fee to be paid over time, but does not permit the fee to be waived altogether.

Shepherd states in his letter that he filed this lawsuit in the wrong court, suggesting that he intended to file in state court.[1] However, his complaint bore the heading, "United States District Court for the Northern District of Indiana," was labeled as a complaint brought under a federal statute, 42 U.S.C. § 1983, and alleged that this Court had jurisdiction because he raised federal constitutional claims. *See* DE 1. Although Shepherd's allegations failed to state a viable federal constitutional claim, that in itself does not provide a basis for waiving the filing fee.

---

[1]  As the Court explained in the order of dismissal, Shepherd sued a private store and two of its employees, who were not state actors and could not be sued under 42 U.S.C. § 1983. *See* DE 4. Shepherd also raised state law claims against the defendants, which the Court dismissed without prejudice. *Id.*

Shepherd also suggests that the Court miscalculated his initial partial payment (DE 7). The Court has reexamined the inmate trust ledgers Shepherd submitted in support of his *in forma pauperis* petition, and finds the initial partial payment of $7.74 proper in light of Shepherd's monthly state pay as well as the additional deposits made to his prison account, including money sent to him by individuals outside the prison. *See* DE 2 at 4-9.

For these reasons, the request to waive the filing fee (DE 7) is **DENIED**.

**SO ORDERED** on April 1, 2010.

                                           s/ Joseph S. Van Bokkelen
                                           Joseph S. Van Bokkelen
                                           United States District Judge
                                           Hammond Division